1

2

3                        UNITED STATES DISTRICT COURT

4                      NORTHERN DISTRICT OF CALIFORNIA

5                              SAN JOSE DIVISION

6

7    RAFAEL ARROYO, JR.,                    Case No.  5:14-cv-03988-EJD

         Plaintiff,
8                                           **ORDER DENYING DEFENDANTS'
                                            MOTIONS TO DISMISS**
     v.
9                                           Re: Dkt. Nos. 21, 24, 27

10   DAVID G. SILVA, et al.,

         Defendants.
11

12          Defendants David G. Silva, Rosa Duran and 5 Spot Chivas Grill, Inc. (collectively,

13   "Defendants") are the proprietors of a restaurant, aptly called "5 Spot Chivas Grill," located on

14   South First Street in San Jose, California.  In this action, Plaintiff Rafael Arroyo, Jr. ("Plaintiff")

15   alleges that Defendants failed to maintain features of the restaurant in a condition that provides

16   ready access to persons with disabilities.

17          Federal jurisdiction arises pursuant to 28 U.S.C. § 1331.  Presently before the court are two

18   largely-identical motions filed by Defendants, both of which seek dismissal of Plaintiff's First

19   Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

20   See Dkt. Nos. 21, 24.  The court found these matters suitable for decision without oral argument

21   pursuant to Civil Local Rule 7-1(b) and previously vacated the associated hearing date.  Having

22   carefully reviewed Defendants' arguments in light of the liberal pleading standards that must be

23   applied,[1] the court will deny the Motions to Dismiss for the reasons explained below.

24   **I.     BACKGROUND**

25          Plaintiff is a California resident with physical disabilities and uses a wheelchair for

26

27   _____
     [1] Defendants' unopposed motion to strike Plaintiff's untimely opposition (Docket Item No. 27) is
28   GRANTED.
                                                      1
     Case No.: 5:14-cv-03988-EJD
     ORDER DENYING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1    mobility.  See FAC, at ¶¶ 1-2.  He has been issued a handicap placard by the State of California.

2    See id.

3         Plaintiff alleges that he "went" to 5 Spot Chivas Grill to eat on or about December 29,

4    2012. Id. at ¶ 11.  His plans were disrupted, however.  Plaintiff claims he was denied full and

5    equal access to 5 Spot Chivas Grill because the one handicap parking space offered by the

6    restaurant to its customers was not accessible.  Id. at ¶ 14.  Specifically, Plaintiff alleges that

7    Defendants "placed objects and items on top of" the parking space, and "have a history" of placing

8    items on the space, such as "logs, dumpsters, machinery, planters, and so forth."  Id. at ¶ 16.

9    Plaintiff ended up leaving 5 Spot Chivas Grill without going in due to the lack of handicap-

10   accessible parking.  Id. at ¶ 17.  He would like to return and patronize 5 Spot Chivas Grill but is

11   deterred from visiting until Defendants cure the violation.  Id. at ¶ 19.

12        Plaintiff filed the original Complaint on September 3, 2014.  See Dkt. No. 1.  After

13   Defendants moved to dismiss the original Complaint, Plaintiff filed the FAC on October 15, 2014.

14   See Dkt. No. 18.  He asserts the following causes of action: (1) violation of the Americans with

15   Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.), (2) violation of the Unruh Civil Rights Act

16   (Cal. Civ. Code §§ 51-53), and (3) violation of the California Disabled Persons Act (Cal. Civ.

17   Code §§ 54-54.8).

18   **II.   LEGAL STANDARD**

19        **A.   Federal Rule of Civil Procedure 12(b)(1)**

20        Under Rule 12(b)(1), a party may file a motion to dismiss for lack of subject matter

21   jurisdiction.  A Rule 12(b)(1) motion may be either facial or factual.  Wolfe v. Strankman, 392

22   F.3d 358, 362 (9th Cir. 2004).  A facial 12(b)(1) motion involves an inquiry confined to the

23   allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond

24   the complaint to extrinsic evidence.  Id.  When a defendant makes a facial challenge, all material

25   allegations in the complaint are assumed true, and the court must determine whether lack of

26   federal jurisdiction appears from the face of the complaint itself.  Id.

27        Federal courts are courts of limited jurisdiction, adjudicating only cases which the

28

United States District Court
Northern District of California

2

Case No.: 5:14-cv-03988-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

1    Constitution and Congress authorize.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

2    377 (1994).  "A party invoking the federal court's jurisdiction has the burden of proving the actual

3    existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.

4    1996).  If a court determines that it lacks subject matter jurisdiction, the court must dismiss the

5    action.  Fed. R. Civ. P. 12(h)(3).

6        **B.    Federal Rule of Civil Procedure 12(b)(6)**

7        On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is construed

8    in the light most favorable to the non-moving party, and all material allegations in the complaint

9    are taken to be true.  Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986); see Fed. R. Civ. P.

10   12(b)(6).  This rule does not apply to legal conclusions - "[t]hreadbare recitals of the elements of a

11   cause of action, supported by mere conclusory statements, do not suffice" to state a claim.

12   Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  While a complaint does not need detailed factual

13   allegations to survive a 12(b)(6) motion, plaintiffs must provide grounds demonstrating their

14   entitlement to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, the plaintiff

15   must allege sufficient factual allegations "to raise a right to relief above the speculative level."  Id.

16   This threshold is reached when the complaint contains sufficient facts to allow the court to draw a

17   reasonable inference that the defendant is liable for the alleged misconduct.  Iqbal, 556 U.S. at

18   678.

19   **III.    DISCUSSION**

20       **A.    Rule 12(b)(1) Argument**

21       The court first addresses Defendants' arguments under Rule 12(b)(1) because those

22   arguments are jurisdictional in nature.  Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir.

23   2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and

24   an Article III federal court there-fore lacks subject matter jurisdiction over the suit."); Sinochem

25   Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 431 (2007) ("[J]urisdictional questions

26   ordinarily must precede merits determinations in dispositional order.").  Under a facial challenge

27   to the FAC, Defendants argue that Plaintiff's allegations are insufficient to establish standing for

28

3

Case No.: 5:14-cv-03988-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    an ADA claim under Article III of the Constitution.  Defendants are mistaken.

2          Generally, the inquiry critical to any standing issue is "'whether the litigant is entitled to

3    have the court decide the merits of the dispute or of particular issues.'"  Allen v. Wright, 468 U.S.

4    737, 750-51 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).  Standing under Article

5    III has three basic elements: (1) an "injury in fact," which is neither conjectural or hypothetical,

6    (2) causation, such that a causal connection between the alleged injury and offensive conduct is

7    established, and (3) redressability, or a likelihood that the injury will be redressed by a favorable

8    decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  To satisfy the "injury in

9    fact" element, "the plaintiff must show that he personally has suffered some actual or threatened

10   injury as a result of the putatively illegal conduct of the defendant."  Gladstone Realtors v. Village

11   of Bellwood, 441 U.S. 91, 100 (1979).  For redressability, the plaintiff must do more than

12   demonstrate the possibility of some "psychic satisfaction" from a positive outcome.  See Steel Co.

13   v. Citizens for a Better Env't, 523 U.S. 83, 107 (1998).  Instead, the relief sought must actually

14   remedy the injury alleged.  Id.

15         Since "[t]he existence of federal standing 'often turns on the nature and source of the claim

16   asserted,'" (Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 944 (9th Cir. 2011) (quoting

17   Warth, 422 U.S. at 500)), the statutory scheme governing Plaintiff's claim has bearing on this

18   analysis.  The purpose of the ADA is to "provide a clear and comprehensive national mandate for

19   the elimination of discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(1).

20   As relevant here, Title III of the ADA "prohibits discrimination against the disabled in the full and

21   equal enjoyment of public accommodations."  Spector v. Norwegian Cruise Line Ltd., 545 U.S.

22   119, 128 (2005) (citing 42 U.S.C. § 12182(a)).  Because the ADA is a civil rights statute, the

23   Supreme Court has instructed federal courts to take "a broad view" of a plaintiff's standing since,

24   in reality, "private enforcement suits 'are the primary method of obtaining compliance with the

25   Act.'"  Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting Trafficante v.

26   Metro. Life Ins. Co., 409 U.S. 205, 209 (1972)).

27         For this case, Plaintiff's obligation to satisfy the Article III standing requirement is

28                                                         4

Case No.: 5:14-cv-03988-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

1    twofold.  Aside from demonstrating the standard standing elements - that he "has suffered an

2    injury-in-fact, that the injury is traceable to [Defendant's] actions, and that the injury can be

3    redressed by a favorable decision" - he must also show a "real and immediate threat of repeated

4    injury" because an injunction "is the only relief available to private plaintiffs under the ADA."

5    Chapman, 631 F.3d at 946.  Taking a "broad view" of the FAC with these elements in mind, the

6    court concludes that Plaintiff sufficiently establishes each of these elements.

7           In the FAC, Plaintiff alleges that he is a paraplegic who uses a wheelchair, and that he was

8    unable to eat at 5 Spot Chivas Grill because the one handicap parking space was being used as a

9    storage or refuse area.  Since Plaintiff attributes the creation of this barrier to Defendants' conduct,

10   these allegations satisfy both the injury-in-fact and traceability requirements.  Id. at 947 (holding

11   that an injury-in-fact under the ADA exists when a disabled person encounters an accessibility

12   barrier that interferes with the "full and equal enjoyment" of the facility on account of the person's

13   specific disability).  Plaintiff has also adequately alleged redressability because he asserts the

14   present inability to use the handicap parking space prevents him from returning to 5 Spot Chivas

15   Grill, even though he would like to patronize the restaurant during his travels through San Jose.

16   See Hernandez v. Vallco Int'l Shopping Ctr., LLC, No. 10-CV-02848-LHK, 2011 U.S. Dist.

17   LEXIS 30262, at *14, 2011 WL 890720 (N.D. Cal. Mar. 14, 2011) (finding redressablility

18   adequately pled when plaintiff alleged removal of barriers would permit him to visit store without

19   hindrance).  In addition, Plaintiff has demonstrated a "real and immediate threat of repeated

20   injury" because, although he would return to 5 Spot Chivas Grill if the handicap parking space

21   was available for use, he is deterred from doing so by his knowledge of the barrier and

22   Defendants' history of blocking the space.  See Doran, 524 F.3d at 1041 ("Allegations that a

23   plaintiff has visited a public accommodation on a prior occasion and is currently deterred from

24   visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or

25   imminent."); see also Chapman, 631 F.3d. at 950 ("[A]n ADA plaintiff can show a likelihood of

26   future injury when he intends to return to a noncompliant accommodation and is therefore likely to

27   reencounter a discriminatory architectural barrier.").

28

_United States District Court_
_Northern District of California_

5

Case No.: 5:14-cv-03988-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

1    Relying on Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939 (9th Cir. 2011),

2   Defendants argue the FAC inadequately describes an injury-in-fact because it does not reveal how

3   Plaintiff was traveling when he encountered the barrier at 5 Spot Chivas Grill.  While Defendant is

4   correct that a "barrier" will only constitute an ADA violation "if it affects the plaintiff's full and

5   equal enjoyment of the facility on account of his particular disability" (Chapman, 631 F.3d at

6   947), explicit allegations on this topic are unnecessary.  The reasonable inference that arises from

7   the other allegations, including the facts that Plaintiff resides somewhere other than San Jose and

8   needed the use the handicap parking space before he could enter the restaurant, is that Plaintiff

9   was using a vehicle equipped to accommodate his wheelchair.  Wolfe, 392 F.3d at 362 (holding

10  the federal court accepts the allegations in the complaint as true and draws all reasonable

11  inferences in plaintiff's favor for a facial Rule 12(b)(1) motion).

12    Defendants' challenge to redressability is similarly unpersuasive.  It may be true that

13  Plaintiff has filed several other ADA cases against other business establishments in San Jose.  But

14  it does not follow merely from the existence of those actions that Plaintiff does not intend to re-

15  patronize 5 Spot Chivas Grill.  Indeed, the Ninth Circuit has specifically cautioned against reading

16  too much into an ADA plaintiff's history of litigation, and has specifically rejected this exact

17  argument under similar circumstances.  D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031,

18  1039-40 (9th Cir. 2008).  This court, therefore, must reject Defendants' argument here.

19    At this phase of the litigation, Plaintiff has sufficiently alleged facts supporting Article III

20  standing for a claim under Title III of the ADA.  Defendants' 12(b)(1) motion will be denied.

21    **B.**     **Rule 12(b)(6) Argument**

22    The court now turns to Defendants' argument under Rule 12(b)(6).  "To prevail on a

23  discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the

24  meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of

25  public accommodation; and (3) the plaintiff was denied public accommodations by the defendant

26  because of his disability."  Ariz. ex rel. Goddard v. Harkins Amusement Enters., 603 F.3d 666,

27  670 (9th Cir. 2010).

28

*United States District Court*
*Northern District of California*

6

Case No.: 5:14-cv-03988-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

1    Defendants contend the FAC's lack of an explicit allegation addressing Plaintiff's mode of

2 travel renders the Title III claim insufficiently pled.  For reasons similar to those discussed with

3 respect to standing, however, the court disagrees.  As with Defendants' motion under Rule

4 12(b)(1), a motion under Rule 12(b)(6) also mandates that all reasonable inferences be drawn in

5 Plaintiff's favor.  Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014).  The reasonable

6 inference drawn from the FAC is that Plaintiff was traveling in a vehicle appropriately tailored to

7 his disability.

8    Defendants also take issue with the allegation suggesting they have a "history" of

9 restricting access to the handicap parking space and 5 Spot Chivas Grill, which they believe is

10 unsupported and exceeds the statute of limitations.  To the extent this allegation is necessary to

11 state a claim under Title III, it is neither inadequately supported nor a violation of the statute of

12 limitations in this context.  In alleging Defendants' history of violating the ADA, Plaintiff

13 provides a description of the barrier that is sufficient for Defendants to determine the subject and

14 nature of the claim.  Moreover, the fact that some of the alleged conduct may fall outside the

15 limitations period does not mean the other, timely-filed allegations should be altogether ignored.

16    Considering the facts alleged by Plaintiff in the FAC, the court must conclude that Plaintiff

17 has sufficiently demonstrated each element of a Title III claim.

18 **IV.    ORDER**

19    Based on the foregoing, Defendants' Motions to Dismiss (Docket Item Nos. 24, 27) are

20 DENIED.

21

22 **IT IS SO ORDERED.**

23 Dated: July 27, 2015

24    _____

EDWARD J. DAVILA
25    United States District Judge

26

27

28
7

Case No.: 5:14-cv-03988-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California